UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| L.H., *a Minor Student*, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-126-CLC-SKL |
| | ) | |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiffs' motion to amend their complaint [Doc. 15] and memorandum in support [Doc. 16]. Plaintiffs seek to amend their complaint in order to join the Tennessee Department of Education as a party defendant in this action. Defendant has filed a response in opposition to Plaintiffs' motion [Doc. 17], in which it argues that Plaintiffs' proposed amendments would be futile, and therefore Defendant argues that Plaintiffs' motion to amend should be denied. Plaintiffs have filed a reply brief in support of their motion [Doc. 18], and this matter is now ripe.

**I.   STANDARD**

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows amendments to pleadings "once as a matter of course" within "21 days after serving [the pleading], or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiffs filed their motion to amend more than 21 days after Defendant's answer to the complaint, and thus Plaintiffs may not amend as a matter of course. Where a party does not have the right to amend as a matter of course, "[t]he court should freely give leave [to amend] when justice so requires."

Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citations omitted).

A proposed amendment is futile if it would not withstand a motion to dismiss pursuant to Rule 12(b)(6). *See Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 574 (6th Cir. 2010) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). Thus, when analyzing the futility of a proposed amendment, the court uses the same analysis as for a motion to dismiss, and matters outside the pleadings may not be considered. *See Rose*, 203 F.3d at 420; Fed. R. Civ. P. 12(d).

To survive a motion to dismiss under Rule12(b)(6), a plaintiff must plead facts that, if true, state a claim to relief that is plausible on its face. *Bell Atlantic v. Twombly*, 550 U.S. 544, 569 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010). A court must determine not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). While the court must construe the complaint in the light most favorable to the claimant and accept as true all well-pleaded factual allegations, legal conclusions and unwarranted factual inferences need not be accepted as true. *See Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). If a court does consider material outside the pleadings when considering a motion to dismiss, the motion must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion. *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680 (6th

2

Cir. 2011). A court, however, may properly consider "'exhibits attached [to the complaint,], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment." *Rondigo*, 641 F.3d at 680-81 (alteration in original) (quoting *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

## II. ANALYSIS

Defendant opposes Plaintiffs' motion to amend on the basis that the claims in Plaintiffs' proposed amended complaint are without factual support and are futile. While Defendant purports to argue that Plaintiffs' proposed amendments are futile, Defendant's bare-bones response appears to argue matters outside the pleadings and is unsupported by authority.

The case cited by Defendant in support of its contention that the Tennessee Department of Education should not be joined as a party, *Deal v. Hamilton County Board of Education*, 392 F.3d 840, 864-65 (6th Cir. 2004), does not directly stand for the proposition for which Defendant cites it. While *Deal* discusses meaningful educational benefits as part of the free appropriate public education guaranteed to children with disabilities under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 et seq. ("IDEA"), *Deal* does not discuss whether the state educational agency ("SEA") and the local educational agency ("LEA") may both be held liable for ensuring that a free appropriate public education is provided to children with disabilities.

Plaintiffs, however, do cite to cases in their reply brief which support the contrary—that both the SEA and LEA may be jointly sued and found liable for the failure to provide a free appropriate public education. *See, inter alia*, *O.J.ex rel. Shockley v. Bd. of Educ. for Union Cnty., Tenn.*, No. 13-38-KKC, 2013 WL 3788226, at *3 (E.D. Tenn. July 18, 2013); *Ullmo v.*

3

*Gilmour Academy*, 273 F.3d 671, 679 (6th Cir. 2001) (noting that the IDEA requires both the SEA and LEA to ensure that children with disabilities receive a free appropriate public education).

Because Defendant has neither provided adequate supporting authority for its argument that the SEA may not be joined as a party defendant along with the LEA nor provided any supporting authority for its argument that Plaintiffs' amendment would be futile, and because Defendant appears to argue matters outside the pleadings and there is nothing on the face of Plaintiffs' proposed amendment that would demonstrate the proposed amended claims are futile, Defendant's opposition to the proposed amendment fails. Therefore, Plaintiffs' motion will be **GRANTED**.

### III. CONCLUSION

Accordingly, Plaintiffs' motion to amend [Doc. 15] is **GRANTED** and Plaintiffs are **ORDERED** to file their amended complaint **within 7 days** of this Order.

SO ORDERED.

ENTER:

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE