UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| L.H., *a Minor Student, et al.*, | ) |
| | ) |
| Plaintiffs, | ) Case No.1:14-CV-00126 |
| | ) |
| v. | ) Judge Curtis L. Collier |
| | ) |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION *et al.*, | ) |
| | ) |
| Defendants. | ) |

## M E M O R A N D U M

Before the Court are motions to dismiss filed by Defendants Hamilton County Department of Education ("HCDE") and Tennessee Department of Education ("TDOE") (collectively "Defendants") (Court File Nos. 34, 37).[1] Plaintiffs L.H. ("L.H.") and his parents, G.H. and D.H. (collectively "Plaintiffs") responded opposing Defendants' motions to dismiss (Court File Nos. 40, 44) and Defendants replied (Court File Nos. 41, 46).[2] For the following reasons, the Court will **DENY** Defendants' motion to dismiss (Court File No. 34, 37).

### I. FACTUAL AND PROCEDURAL BACKGROUND

L.H. is a child with Down syndrome and qualifies as an intellectually disabled child under the Individuals with Disabilities Education Act ("IDEA"). He attended Normal Park

---

[1] HCDE also filed two motions to strike (Court File Nos. 19, 28), but the arguments raised in the motion to strike are more properly raised in a motion to dismiss as they do not meet the standard of Fed. R. Civ. P. 12(f). In any event, HCDE incorporated those arguments into its motion to dismiss.

[2] Plaintiffs also filed a motion for leave to file a surreply (Court File No. 42). Because the Court will deny the motions to dismiss without need to reference the surreply, there is no reason to consider the surreply.

Elementary through his second grade year, the 2012–2013 school year. While attending Normal Park, he attended classes in the regular classroom setting with his nondisabled peers. At the end of his second grade year, school officials found he was not keeping pace with his peers and decided to modify his Individualized Education Program ("IEP") for the 2013-2014 year. This revised IEP removed L.H. from the regular classroom setting at Normal Park and placed him in an alternative development curriculum in a comprehensive development classroom ("CDC") at a different elementary school.

Plaintiffs rejected this IEP and filed a due process complaint with HCDE in May 2013 alleging violations of IDEA.[3] Plaintiffs nonsuited this complaint in June 2013 and enrolled L.H. in the Montessori School of Chattanooga. Plaintiffs refiled their due process complaint in August 2013 alleging violations of IDEA as well as a denial of a free and appropriate public education ("FAPE"). An administrative law judge held a hearing on this complaint in October 2013 and issued a Final Order in December 2013 finding HCDE had complied with IDEA and had provided FAPE. Plaintiffs petitioned for judicial review of this order and alleged violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("Section 504") in the Chancery Court of Davidson County in February 2014, and HCDE removed to the Middle District of Tennessee. The case was transferred to this district in April 2014. The Court granted Plaintiff's motion to amend their Complaint to add TDOE on November 24, 2014 (Court File No. 21).

---

[3] This area of the law is rife with acronyms. Case law and statutes in this area distinguish between the requirements imposed on the state education agency ("SEA"), here TDOE, and the local education agency ("LEA"), here HCDE.

## II.     STANDARD OF REVIEW

A Rule 12(b)(6) motion should be granted when it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998).  For purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer*, *Inc.*, 484 F.3d 855, 859 (6th Cir. 2007).  The same deference does not extend to bare assertions of legal conclusions, however, and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief.  *Thurman*, 484 F.3d at 859. Although a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)), this statement must nevertheless contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility as explained by the Court "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. ANALYSIS

Both Defendants argue Plaintiffs' Section 504 and ADA claims are subsumed by Plaintiff's IDEA claims. Defendants claim that even if these claims are not subsumed, Plaintiffs failed to exhaust administrative remedies. Finally, TDOE argues Plaintiffs fail to state a claim against it for failure to provide a less formal resolution procedure or CRP.

### A. Section 1415(l)

Defendants argue Plaintiffs' ADA and Section 504 claims are subsumed by Plaintiffs' IDEA claims. For this argument, they rely heavily on *Smith v. Robinson*, 468 U.S. 992 (1984). In *Robinson*, the Supreme Court held that IDEA constitutes the exclusive remedy for vindicating a handicapped child's right to FAPE. *Id*. at 1019. However, as HCDE acknowledges, Congress later amended IDEA to add in an express provision overruling this holding of *Robinson*. In the Handicapped Children's Protection Act, PL 99–372, August 5, 1986, 100 Stat 796, Congress amended IDEA to include 20 U.S.C. § 1415(l) which provides that

> [n]othing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, or other Federal laws protecting the rights of children with disabilities, except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter.

Courts construing this provision have recognized that this provision was intended to overrule *Smith v. Robinson*. *See e.g.*, *Mark H. v. Lemahieu*, 513 F.3d 922, 934 (9th Cir. 2008) (noting that, in adding § 1415(l) to the IDEA, "Congress has clearly expressed its intent that remedies be available under Title V of the Rehabilitation Act for acts that also violate the IDEA, overriding the holding of the Supreme Court in *Smith v. Robinson*"). The purpose section of the statute

4

itself states that it is an act "to clarify the effect of the Education of the Handicapped Act on rights, procedures, and remedies under other laws relating to the prohibition of discrimination, and for other purposes." Handicapped Children's Protection Act, PL 99–372.

Defendants read into Section 1415(l) a limitation that the Court simply cannot locate. In its initial brief on its motion to strike, HCDE argues in a footnote that

> this amendment did not authorize plaintiffs to pursue claims under other federal statutes alongside claims under the IDEA to address an alleged denial of FAPE. Rather this amendment simply preserves those claims that a plaintiff would have had under other federal laws that do not address FAPE.

(Court File No. 20, HCDE Br. at n. 2). As a pure matter of statutory construction, the Court is hard pressed to find this limitation within the statute. Section 1415(l) provides that "*Nothing* in this chapter shall be construed to restrict or limit the rights, procedures, and remedies" available under the ADA and Section 504. 20 U.S.C. § 1415(l) (emphasis added). Defendant's argument would have the Court read in limitations that are simply unsupported by the plain language of the statute.

HCDE points to various cases it argues support its reading, but the Court finds these unconvincing. HCDE's cites to *Chuhran v. Walled Lake Consol. Sch.*, 839 F. Supp. 465, 475 (E.D. Mich. 1993) which, although it does reach the holding urged upon this Court by Defendants, it does so only because it improperly relies on *Robinson* for the proposition that the ADA and 504 claims were redundant. Indeed the Sixth Circuit expressly overruled the holding for which HCDE cites the case precisely because *Robinson* had been "expressly overruled" by Congress. *Chuhran v. Walled Lake Consol. Sch.*, No. 92-76860, 51 F.3d 271, 1995 WL 138882 at *2 & n.3 (6th Cir. Mar. 28, 1995) (per curiam). The Court thus finds HCDE's reliance on this decision unpersuasive. HCDE next makes the entirely unsupported assertion that

5

[w]ithin the Sixth Circuit, when a court considers claims alleging the denial of FAPE under the ADA and Section 504, or any of the other federal statutes listed in 20 U.S.C. § 1415(l), through the lens of the IDEA, the court invariably subsumes these other claims within the IDEA.

(Court File No. 20, Pl. Br. at 9).[4] HCDE's remaining citations similarly fail to support Defendants' argument.[5]

Because Defendants[6] have cited no viable authority for the proposition that Plaintiffs' ADA and Section 504 claims are subsumed by their IDEA claim, the Court will deny

---

[4] One might assume that because this statement is not followed directly by a citation, the case discussed throughout the remainder of the paragraph would support the proposition. But, that would be incorrect. The case discussed by HCDE, *Long v. Dawson Springs Indep. Sch. Dist.*, 197 F. App'x 427, 434 (6th Cir. 2006), does not speak at all to the Defendants' subsummation argument, but rather dismissed the plaintiff's ADA and Section 504 claims because the plaintiff failed to exhaust administrative remedies. *Id.* at 434. HCDE quotes the following language from the opinion: "The existence of express remedies in a statutory scheme demonstrates that Congress intended to supplant other remedies that might otherwise be available to complainants." *Id.* But, this language has absolutely nothing to do with the ADA or Section 504; rather it goes to whether a plaintiff may use 42 U.S.C. § 1983 to enforce the IDEA. *Id.*

[5] HCDE also cites *Diaz-Fonseca v. Puerto-Rico*, 451 F.3d 13 (1st Cir. 2006) but the First Circuit itself has more recently clarified that

it is important to understand that *Diaz–Fonseca* does not bar a plaintiff from bringing a discrimination claim based on a denial of a FAPE in conjunction with an IDEA claim, because the discrimination claim involves the additional element of disability-based animus. As such, the discrimination claim does not "turn[ ] entirely on the rights created by statute in the IDEA." *Diaz–Fonseca*, 451 F.3d at 29. To read *Diaz–Fonseca* otherwise conflates two causes of action merely because they share some common elements, and undercuts the IDEA's explicit caveat that it does not restrict or limit the rights, procedures, and remedies available under the Rehabilitation Act or the ADA.

*D.B. ex rel. Elizabeth B. v. Esposito*, 675 F.3d 26, 40 (1st Cir. 2012).

[6] TDOE relies almost entirely on HCDE's arguments for this point. The one additional point of authority cited by TDOE is *N.L. ex rel. Mrs. C. v. Knox Cnty. Sch.*, 315 F.3d 688, 695 (6th Cir. 2003). This case does not support Defendants' subsummation argument but rather holds that a Section 504 claim based on a denial of FAPE must be dismissed if IDEA claims for denial of FAPE are also dismissed.

Defendants' motion to dismiss on this ground.[7]

B. Exhaustion

Defendants next argue Plaintiffs failed to exhaust administrative remedies as to their Section 504 and ADA claims. Title 20 United Sates Code Section 1415(l) provides "the procedures under subsections (f) and (g) of this section shall be exhausted to the same extent as would be required had the action been brought under this subchapter." Here, Defendants concede Plaintiffs have exhausted administrative remedies for their IDEA claims, but argue Plaintiffs were also required to raise their ADA claims and Section 504 claims within their IDEA due process hearing. Section 1415(l) provides that the *procedures* should be exhausted to the same extent as required under IDEA. This requires that Plaintiffs present their grievances in the hearings required by IDEA, but it does not require these Plaintiffs proceeding *pro se* in the due process hearing to cite to statutes by title and section of the U.S. Code so long as the opposing party is placed on notice of the claim asserted. *See Brown v. Dist. 299--Chicago Pub. Sch.*, 762 F. Supp. 2d 1076, 1085–86 (N.D. Ill. 2010) ("Represented at the hearing by his mother, [plaintiff] need not have specifically mentioned the ADA or discrimination at the hearing. But he was required to present the issues underlying his ADA claim so that the hearing officer had the opportunity to consider a remedy."); *cf. Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010) (construing the exhaustion requirements in the employment discrimination context and noting that "because aggrieved employees-and not attorneys-usually file charges with the EEOC, their *pro se* complaints are construed liberally"). Because Plaintiffs' due process

---

[7] Because Plaintiffs' ADA and Section 504 claims remain viable, the Court will deny Defendants' motion to strike Plaintiffs' jury demand.

complaint referenced the exclusions and deprivations[8] that now form the basis of this complaint, the Court finds Plaintiffs did exhaust administrative remedies and will deny Defendants' motion to dismiss on this ground.[9]

### C. Complaint Resolution Procedure

Plaintiff alleges TDOE does not provide the complaint resolution procedure ("CRP") required by 34 C.F.R. § 300.150–153. TDOE argues this claim should be dismissed and points the Court to a state law, Tenn. Code Ann. § 49-10-604, as conclusive proof the state does in fact have such a procedure. Plaintiffs' claim, however, is not that the state legislature did not comply with the regulations, but rather that the Tennessee Department of Education does not comply with the regulations. And a statute requiring TDOE to comply is not conclusive proof of such compliance that would allow this Court to dismiss such an allegation on a motion to dismiss. *See Iqbal*, 556 U.S. at 678 (2009) ("When there are well-pleaded factual allegations, a court should assume their veracity . . . ."). Here, Plaintiffs' complaint alleges the SEA (TDOE) failed to provide the required CRP. This Court is required to take that allegation as true at this stage of the litigation. The Court will deny TDOE's motion to dismiss on this ground.

---

[8] Defendants' also assert that Plaintiffs should be barred from raising certain other procedural violations because it argues that these matters were not considered at the due process hearing. It is not appropriate, however, to decide this matter at the motion to dismiss stage where the Court is limited to the reviewing the allegations in the complaint. The Court will thus reserve ruling on this issue.

[9] TDOE asserts that Plaintiffs' claims against it should be dismissed because it was not named as a party in the due process hearing and thus Plaintiffs have failed to exhaust administrative remedies. Because Plaintiffs allege systemic failures and seek system wide reforms (*see, e.g.*, Compl. at ¶¶ 93–95, 100–103, 133), Plaintiffs need not exhaust administrative remedies. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 113 (2d Cir. 2004).

**IV. CONCLUSION**

    For the above reasons, the Court will **DENY** Defendants' motions to dismiss (Court File Nos. 34, 37).

    **SO ORDERED.**

    **ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
