UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| L.H., a Minor Student, | * | |
| by and through his parents G.H. and D.H., | * | |
| and G.H. and D.H., individually, | * | |
| | * | |
| Plaintiffs, | * | No. 1:14-cv-00126-CLC-SKL |
| | * | |
| vs. | * | Judge Curtis L. Collier |
| | * | |
| HAMILTON COUNTY DEPARTMENT | * | JURY DEMAND |
| OF EDUCATION, et al, | * | |
| | * | |
| Defendants. | * | |

## ANSWER OF HAMILTON COUNTY DEPARTMENT OF EDUCATION TO SECOND AMENDED COMPLAINT

**NOW COMES** the Hamilton County Department of Education, by and through counsel, and, for response to the Plaintiffs' Second Amended Complaint, pleads as follows:

## FIRST DEFENSE

The Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

With respect to the specifically enumerated paragraphs of the Plaintiffs' Amended Complaint, this Defendant avers as follows:

1.     This Defendant denies these allegations.

2.     This Defendant generally admits these allegations but denies the implied assumption that children with Down syndrome can be type-cast instead of educated as individuals.  This Defendant also denies that Down syndrome is itself an intellectual disability and avers instead that it is a genetic condition that may qualify a child as intellectually disabled under the terms of the IDEA.

3.     This Defendant denies these allegations as stated and further asserts that references to other students in Hamilton County elementary schools are immaterial with respect to the education that L.H. needs.  As a student with intellectual disabilities, L.H., by definition, has demonstrated cognitive and adaptive skills so far below the mean that, in combination, he is in the lowest performing percentile of all students nationally.  While L.H. may be higher functioning relative to some other students with intellectual disabilities, he is nevertheless a student with disabilities who has unique needs that must be met in a unique environment.

4.     This Defendant denies these allegations as stated and avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education.  This Defendant also denies the materiality of these allegations and avers that the Tennessee Department of Education, in response to an administrative complaint filed by D.H., concluded that this Defendant provides a free and appropriate public education

(FAPE) to students with intellectual disabilities based upon their unique needs. Additionally, references to other school districts elsewhere in the country, without examining the unique needs of each of those students or the resources available to those schools to educate those students, are probative of nothing. A comparison of L.H. to other students with intellectual disabilities provides no insight into the unique educational needs to L.H. The remaining allegations of Paragraph 4 of the Second Amended Complaint regarding D.H.'s alleged advocacy for another child and this Defendant's alleged retaliation are denied.

      5.      This Defendant denies these allegations as stated and avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education. This Defendant also denies the materiality of these allegations and avers that the Tennessee Department of Education, in response to an administrative complaint filed by D.H., concluded that this Defendant provides a free and appropriate public education to students with intellectual disabilities based upon their unique needs. Additionally, references to other school districts elsewhere in the country, without examining the unique needs of those students or the resources available to those schools to educate those students, are probative of nothing. Finally, a comparison of L.H. with other students with intellectual disabilities provides no insight into the unique educational needs to L.H.

6.     This Defendant denies these allegations.

7.     This Defendant denies this construction of the law and avers that L.H. is entitled to a free and appropriate public education, not necessarily the right to be educated in a particular setting.

8.     Paragraph 8 of the Second Amended Complaint is not directed toward this Defendant.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

9.     This Defendant denies that L.H. is 10 years old.  This Defendant admits the remaining allegations of Paragraph 9 of the Second Amended Complaint.

10.     This Defendant admits these allegations.

11.     This Defendant admits these allegations.

12.     This Defendant admits these allegations.

13.     This Defendant admits that this action is best characterized as one brought under the IDEA, Title II of the ADA, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983.

14.     This Defendant admits that venue is proper in this Court.

15.     This Defendant generally admits these allegations.

16.     This Defendant avers that the evidence presented to the hearing officer and the hearing officer's written opinion speak for themselves.  This Defendant avers, however, that L.H.'s IQ is probably lower than 55.

17.    This Defendant avers that the evidence presented to the hearing officer and the hearing officer's written opinion speak for themselves.

18.    This Defendant avers that the evidence presented to the hearing officer and the hearing officer's written opinion speak for themselves.

19.    This Defendant avers that the evidence presented to the hearing officer and the hearing officer's written opinion speak for themselves.  This Defendant denies, however, that a child development expert testified in support of the proposition stated.

20.    This Defendant avers that the evidence presented to the hearing officer and the hearing officer's written opinion speak for themselves.

21.    This Defendant denies these allegations and further denies that the issues of inclusion or placement are exclusively matters of law.  To the contrary, these are issues that require some level of educational expertise, as a result of which this Court should give the findings of the hearing officer great deference.

22.    This Defendant admits that its educators testified as noted but avers that this paragraph of the Plaintiffs' Second Amended Complaint either takes the testimony out of context or misunderstands the import of the testimony such that this Defendant denies the conclusion of this paragraph.

23.    This Defendant denies these allegations.

24.    This Defendant denies these allegations.

25.    This Defendant denies these allegations.

26.     This Defendant denies these allegations and avers that, to the extent the hearing officer was relying upon his educational expertise, his conclusions are entitled to great deference.

27.     This Defendant admits that a continuum of placement must be considered in order to address the needs of any particular child and further avers that this standard was utilized in developing an IEP for L.H.  This Defendant denies the remaining allegations of this paragraph.

28.     This Defendant denies these allegations.

29.     This Defendant denies these allegations.

30.     This Defendant admits that the Plaintiffs have exhausted their administrative requirements with regard to those claims specifically alleged in their due process complaint.  This Defendant denies that the Plaintiffs have exhausted their administrative requirements with regard to any claims not raised in their due process complaint.

31.     This Defendant avers that each child learns at an individual pace regardless of whether that child has a disability.  This Defendant denies that it has district-wide expectations for any of its children to learn at a particular pace.

32.     This Defendant denies that the parents provided a "child development expert" and aver that the individual in question admitted that he had never educated a child with Down syndrome and that he has no expertise in providing special education to any students.  This Defendant admits that L.H. has certain strengths relative to some

other students with intellectual disabilities.  Given the extent of L.H.'s intellectual disability, however, one would not accurately describe him as a "high functioning child."

33.     This Defendant denies these allegations as stated and avers that more accurate I.Q. testing of L.H. places I.Q. below 55.

34.     This Defendant denies these allegations as stated and avers that one cannot look at particular scores in isolation since individual scores may be skewed by "splinter skills" that mask an underlying deficit.

35.     Upon information and belief, this Defendant denies this allegation inasmuch as L.H. never demonstrated growth or achievement from social interaction and modeling.

36.     This Defendant admits that L.H., at one time, lived in the Normal Park School zone.  Upon information and belief, L.H.'s parents have moved out of that zone. This Defendant is without sufficient information to form an opinion or belief as to the remaining allegations of this paragraph and so deny the same should they be deemed material, which this Defendant also denies.

37.     This Defendant avers that the terms of federal law speak for themselves.

38.     This Defendant avers that L.H. is entitled to a free and appropriate public education pursuant to the IDEA.

39.     This Defendant avers that federal regulations speak for themselves.

40.     This Defendant avers that federal statutes and their regulations speak for themselves.

41.     This Defendant avers that L.H. often failed to act appropriately in social situations at school.  This Defendant is without sufficient information to form an opinion or belief as to his social awareness and behavior in settings outside of school or the precise number of friends he enjoyed at NPMM.

42.     This Defendant is without sufficient information to form an opinion or belief as to what is meant by the term "good language skills for interaction with others" within the context of this paragraph of the Plaintiffs' Second Amended Complaint and so denies these allegations.  This Defendant admits that some students would have to assist L.H. from time to time, but this Defendant is without sufficient information to know whether these students "enjoyed his company" or "accepted him" as averred in this paragraph.

43.     This Defendant denies that any "child development expert" explained that L.H. "is very advanced compared to other children with intellectual disabilities."  This Defendant is additionally without sufficient information to understand in context what is meant by the phrase "very advanced compared to other children with intellectual disabilities" and so denies these allegations.

44.     This Defendant admits these allegations.

45.     This Defendant denies these allegations as stated and avers that L.H. progressed as noted with heavy support from the paraprofessional, as a result of which educators expressed concern that L.H. had become dependent upon this paraprofessional and that his recorded achievement did not reflect his actual levels of performance.

Notably, even with this heavy support, L.H. made little progress toward his IEP goals and objectives.

46.     This Defendant admits that its educators agreed to the IEP in question but further avers that this IEP allowed for L.H.'s second grade teachers to modify assignments and to use an alternative curriculum in order to meet L.H.'s then existing levels of performance precisely because they questioned whether he was prepared to enter the second grade.

47.     This Defendant denies these over simplistic conclusory allegations as stated and avers that L.H. is a child with intellectual disabilities, who, by the end of the 2011-2012 school year, was having difficulty functioning in the regular education setting even with extensive supports and modifications.

48.     This Defendant denies these allegations and avers that the second grade teacher to whom L.H. was assigned for the 2012-2013 school year had the same level of experience with children with Down syndrome as had his previous teacher.

49.     This Defendant denies these allegations and avers that the school system assigned a lead teacher with extensive experience with Down syndrome to assist both L.H.'s regular education teacher and his inclusion teacher.

50.     This Defendant admits that L.H. is the first student with Down syndrome at Normal Park, but this Defendant denies the remaining allegations of this paragraph.  To the contrary, this Defendant provided Normal Park, L.H.'s second grade teacher, and L.H.'s inclusion teacher with a highly experienced lead teacher who has extensive

experience with students with Down syndrome. She worked with these teachers to develop a plan that was calculated to provide L.H. with a quality education and excellent supports.

51.     This Defendant denies these allegations and avers that these allegations misconstrue the nature of this chart.

52.     This Defendant denies these allegations and avers that L.H.'s parents had artificially imposed an expectation on L.H. that he function at the second grade level. It was only after the special education teacher rejected the parents' unreasonable expectations that L.H.'s behavior and attention to task began to improve.

53.     This Defendant admits these allegations.

54.     This Defendant denies these allegations as stated but avers that L.H. did have three paraprofessionals during the course of his second grade year.

55.     This Defendant denies these allegations and notes that they are inconsistent with the allegations contained in Paragraph 52 of the Second Amended Complaint.

56.     This Defendant denies these allegations and further avers that, to the extent the Plaintiffs assert that this Defendant has committed a procedural violation of the IDEA, the Plaintiffs have failed to exhaust their administrative remedies.

57.     This Defendant denies these allegations and further avers that, to the extent the Plaintiffs assert that this Defendant has committed a procedural violation of the IDEA, the Plaintiffs have failed to exhaust their administrative remedies.

58.     This Defendant denies these allegations as stated and avers that, at the meeting in question, school officials reviewed L.H.'s progress and expressed concern that L.H. had "hit a wall" in his present setting and that the team should consider alternatives to the present setting.

59.     This Defendant admits upon information and belief that Dr. Meece is L.H.'s Cub Scout leader and little league baseball coach.

60.     This Defendant admits that Dr. Meece is a professor at UTC and further admits that he teaches courses on child development.  This Defendant denies, however, that Dr. Meece has ever worked with children with Down syndrome in any professional capacity or that he had any experience with students with Down syndrome prior to L.H. This Defendant further avers that Dr. Meece is neither a licensed psychologist nor familiar with special education.  This Defendant denies that none of L.H.'s teachers had previously educated a child with Down syndrome.

61.     This Defendant admits that Dr. Meece attended several IEP meetings and offered his nonexpert opinion regarding many things.

62.     This Defendant admits that Dr. Meece attended several IEP meetings and offered his nonexpert opinion regarding many things.

63.     This Defendant denies these allegations.

64.     This Defendant denies these allegations and avers that L.H.'s parents expected L.H. to perform at the level of a typical second grader.  In contrast, school

system officials recognized that L.H. could not perform at that level and worked to provide L.H. with an individualized education tailored to his unique needs.

65.     This Defendant denies these allegations.

66.     This Defendant denies these allegations.

67.     This Defendant generally admits these allegations.

68.     This Defendant denies these allegations as stated but avers that any IEP reasonably calculated to provide L.H. with a meaningful educational benefit would require an alternative curriculum as well as supports and services that could not be provided in a regular education setting.

69.     This Defendant admits these allegations.

70.     This Defendant denies these allegations as stated. This Defendant admits that the IEP for the 2013-2014 school year would have placed L.H. in a comprehensive development classroom at Red Bank Elementary during approximately half of the school day.

71.     This Defendant denies these allegations.  At all times material to the Second Amended Complaint, Red Bank Elementary School has been in Good Standing with the Tennessee Department of Education.

72.     This Defendant avers that the IEP developed for the 2013-2014 school year placed L.H. on an alternative curriculum that is, in fact, tied to the general curriculum. This Defendant denies the remaining allegations of this paragraph of the Plaintiffs' Second Amended Complaint.

73.     This Defendant notes that the proposed IEP contained no explicit goals for science or for social studies and avers that these subjects are imbedded in the alternative curriculum.  Additionally, L.H. could have received instruction in science or social studies in the regular education setting as appropriate since the IEP offered that degree of flexibility.  This Defendant denies the remaining allegations of this paragraph of the Plaintiffs' Second Amended Complaint.

74.     This Defendant admits that L.H. would have received instruction pursuant to the Unique Learning System, an alternative curriculum approved by the Tennessee Department of Education.  This Defendant denies the remaining allegations of this paragraph.

75.     This Defendant admits these allegations but denies their materiality.

76.     This Defendant denies these allegations.

77.     This Defendant generally admits these allegations but denies their materiality.

78.     This Defendant denies these allegations as stated and admits only that a student may not earn a regular education diploma working on an alternative curriculum.  This Defendant avers that these allegations are immaterial at the elementary school level, however, inasmuch as students do not earn graduation credits until the ninth grade.

79.     This Defendant avers that the purpose of CDC is to provide children with a free and appropriate public education based upon their individual needs.  This Defendant

further avers that these allegations are immaterial at the elementary school level, however, inasmuch as students do not earn graduation credits until the ninth grade.

80.     This Defendant denies that the IEP lacked goals for reading and math and further denies that the goals are not tied to a curriculum.  This Defendant denies the materiality of the remaining allegations of this paragraph.

81.     This Defendant denies that school system officials issued an "ultimatum" of a CDC placement at Red Bank Elementary School and aver that the "stay put" provisions of the IDEA would have kept L.H. at Normal Park during the pendency of any due process hearing and its subsequent appeal to this Court.  This Defendant admits that L.H.'s parents have unilaterally placed L.H. at the Chattanooga Montessori School.  This Defendant denies the remaining allegations of this paragraph of the Plaintiffs' Second Amended Complaint.

82.     This Defendant admits that L.H. did receive a meaningful educational benefit at Normal Park during his kindergarten and first grade year.  At some point, however, L.H.'s unique needs became such that Normal Park was no longer the least restrictive environment in which this Defendant could provide him with a free and appropriate public education.  Indeed, as the hearing officer correctly noted, by the second grade, L.H. was perhaps in the most restrictive setting the school system could have provided – one-on-one instruction throughout most of the academic day.  This Defendant denies the remaining allegations of this paragraph.

83.     This Defendant denies these allegations.

84.     This Defendant is without sufficient information to form an opinion or belief with regard to the placement of students with intellectual disabilities in school districts outside of Hamilton County, Tennessee and so denies these allegations should they be deemed material to this action, which this Defendant also denies. This Defendant additionally avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education.

85.     This Defendant is without sufficient information or belief to form an opinion with regard to the placement of students with intellectual disabilities in school districts outside of Hamilton County, Tennessee and so denies these allegations should they be deemed material to this action, which this Defendant also denies. This Defendant additionally avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education. The remaining allegations of this paragraph are denied as stated.

86.     This Defendant is without sufficient information or belief to form an opinion with regard to the placement of students with intellectual disabilities in school

districts outside of Hamilton County, Tennessee and so denies these allegations should they be deemed material to this action, which this Defendant also denies. This Defendant additionally avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education.

87.     This Defendant admits that the Plaintiff called attention to this so-called discrepancy. This Defendant avers that, in formulating an individual educational plan for L.H., this Defendant gave no regard to the manner in which it educates other students or the manner in which other districts around the country may educate their students. To the contrary, this Defendant focused exclusively upon L.H.'s needs and the environment in which it could best meet those needs.

88.     This Defendant denies these allegations.

89.     This Defendant generally admits these allegations. To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

90.     The allegations of this paragraph are denied as stated.

91.     This Defendant admits upon information and belief that D.H. attended an IEP meeting for another child on or about September 13, 2012. The remaining allegations of this paragraph are denied.

92.     This Defendant denies these allegations.

93.     This Defendant denies these allegations as stated.

94.     This Defendant references and incorporates its response to Paragraph 58 of the Second Amended Complaint.  This Defendant denies the remaining allegations of this paragraph as stated.

95.     This Defendant denies these allegations.

96.     This Defendant denies these allegations.

97.     This paragraph does not require a response.

98.     This Defendant generally admits these allegations.

99.     This Defendant admits that Tennessee participates in IDEA.

100.    This Defendant admits that Tennessee accepts federal funds under Section 504.

101.    Paragraph 101 of the Second Amended Complaint is not directed toward this Defendant.  This Defendant avers that the referenced statutes and regulations speak for themselves.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

102.    Paragraph 102 of the Second Amended Complaint is not directed toward this Defendant.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

103.     Paragraph 103 of the Second Amended Complaint is not directed toward this Defendant.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

104.     This Defendant is without sufficient information or belief to form an opinion with regard to the placement of students with intellectual disabilities in school districts outside of Hamilton County, Tennessee and so denies these allegations should they be deemed material to this action, which this Defendant also denies.  This Defendant additionally avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education.  The remaining allegations of this paragraph are denied.

105.     This Defendant denies these allegations.

106.     The allegations of this paragraph are denied as stated.

107.     The allegations of this paragraph are denied as stated.

108.     This Defendant denies these allegations as stated and denies that they are material to the subject matter of the Second Amended Complaint.

109.     This Defendant references and incorporates its response to Paragraph 74 of the Second Amended Complaint.  The remaining allegations of this paragraph are not directed toward this Defendant.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

110.    This Defendant is without sufficient information or belief to form an opinion with regard to the placement of students with intellectual disabilities in school districts outside of Hamilton County, Tennessee and so denies these allegations should they be deemed material to this action, which this Defendant also denies. This Defendant additionally avers that one cannot reliably compare populations of students identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education.

111.    This Defendant is without sufficient information or belief to form an opinion with regard to the activities of and allegations against the SEA referenced in this paragraph. The remaining allegations in this paragraph are denied.

112.    This paragraph does not require a response.

113.    This paragraph does not require a response.

114.    This paragraph does not require a response.

115.    This paragraph does not require a response.

116.    This Defendant denies these allegations.

117.    This paragraph does not require a response.

118.    This Defendant admits that L.H. is eligible for special education per the IDEA.

119.    This Defendant avers that this regulatory reference, taken in isolation, is not a complete, accurate statement of the law.

120.    This Defendant denies these allegations.

121.    This Defendant denies these allegations.  Furthermore, to the extent that these allegations were not included as part of the Plaintiffs' due process complaint, the Plaintiffs have failed to exhaust administrative remedies.

122.    This Defendant denies these allegations as stated.

123.    This Defendant denies these allegations.

124.    This Defendant denies these allegations.

125.    This paragraph requires no response.

126.    This paragraph requires no response.

127.    This Defendant admits these allegations.

128.    This Defendant admits these allegations.

129.    This Defendant admits these allegations. To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

130.    This paragraph requires no response.

131.    This Defendant denies these allegations.

132.    This Defendant denies these allegations.

133.    This Defendant denies these allegations.

134.    This Defendant denies these allegations and demands strict proof.

135.   This Defendant denies that the Plaintiffs are entitled to any relief requested. This Defendant additionally avers that the Plaintiffs have failed to exhaust administrative remedies by having failed to seek this relief as part of their due process complaint.

136.   This paragraph requires no response.

137.   This Defendant admits these allegations.

138.   This paragraph requires no response.

139.   This paragraph requires no response.

140.   This Defendant denies these allegations.

141.   This Defendant avers that the provisions of Section 504 speak for themselves.  To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

142.   This Defendant denies these allegations.

143.   This Defendant denies that the Plaintiffs are entitled to any relief requested. This Defendant additionally avers that the Plaintiffs have failed to exhaust administrative remedies by having failed to seek this relief as part of their due process complaint.

144.   This paragraph requires no response.

145.   This Defendant denies these allegations.

146.   The allegations of this paragraph are not directed toward this Defendant. To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

147.     The allegations of this paragraph are not directed toward this Defendant. To the extent that the contents of this paragraph suggest or allege any liability or wrongdoing on the part of this Defendant, that is denied.

148.     This Defendant denies these allegations.

149.     This Defendant denies that the Plaintiff is entitled to any relief requested.

150.     This Defendant avers that the Plaintiff is not entitled to a trial by jury with regard to any claims alleged under the IDEA.

## THIRD DEFENSE

This Defendant avers that it has breached no duty owed to the Plaintiffs.

## FOURTH DEFENSE

With respect to any allegations, theories of liability, or pleas for damages not previously sought in their due process complaint, this Defendant avers that the Plaintiffs have failed to exhaust administrative remedies and may not now be heard to complain.

## FIFTH DEFENSE

With respect to any claims for relief under Title II of the Americans with Disabilities Act or Section 504 of the Rehabilitation Act, this Defendant avers that these claims are subsumed within the IDEA such that they must be dismissed.

## SIXTH DEFENSE

This Defendant avers that the Plaintiffs unreasonably failed to participate in the development of an IEP for the 2013-2014 school year.  Accordingly, to the extent that the Plaintiffs allege that the IEP fails to provide a free and appropriate public education to

L.H., and to the extent that any alleged defects in the IEP could have been addressed by the parents' participation, then the parents cannot now be heard to complain.

## SEVENTH DEFENSE

The parents unreasonably failed to participate in the resolution session required by 34 C.F.R. §300.510(a)(2) to address any alleged defects in the IEP for 2013-2014 and so cannot now be heard to complain.

## EIGHTH DEFENSE

With respect to the parents' claim for reimbursement for costs incurred as a result of their unilateral placement of L.H. at the Montessori School, this Defendant avers that the Plaintiffs made this decision mindful of the cost and without first attempting to exhaust administrative remedies. Indeed, the Plaintiffs had initially filed for due process on May 3, 2013, as a result of which 20 U.S.C. § 1415(j), "the stay put provision," was triggered, meaning that this Defendant could not have removed L.H. from Normal Park until after such time as the due process hearing and any appeal heard by this Court was completed. The Plaintiffs, however, nonsuited this first due process complaint on or about June 17, 2013, and then unilaterally assumed the cost of the Montessori School. The Plaintiffs cannot therefore be heard to complain about the expense.

## NINTH DEFENSE

With respect to the Plaintiffs' allegations that this Defendant places students with intellectual disabilities in a CDC setting at a rate higher than other school districts in Tennessee, this Defendant avers that one cannot reliably compare populations of students

identified as intellectually disabled in one school district with populations of similarly identified students in other districts since educators have a degree of professional discretion in determining which eligibility category to use in identifying whether a particular student is eligible for special education. This Defendant further avers that the Tennessee Department of Education, in response to an administrative complaint lodged by the parents, reviewed this Defendant's placement decisions pertaining to students with intellectual disabilities and found no violation of the Individuals with Disabilities Education Act and no deprivation of FAPE. Furthermore, inasmuch as placement decisions are by their very nature individualized, any placement decision pertaining to any other student is irrelevant to the case at bar.

**TENTH DEFENSE**

While this Defendant denies that it has failed to provide L.H. with a free and appropriate public education, this Defendant avers that any such alleged failure is the responsibility of the Tennessee Department of Education pursuant to 20 U.S.C. § 1412(a) and Article XI, Section 12, of the Tennessee Constitution.

**ELEVENTH DEFENSE**

With regard to the Plaintiffs' allegations that the Unique Learning System is not peer reviewed or research based such that this Defendant's use of the Unique Learning System in some way violates the Individuals with Disabilities Education Act or any other provision of the law, this Defendant denies these allegations in their entirety. This Defendant avers that the Unique Learning System is both a set of alternate curricular

standards that are tied to Tennessee's general education curricular standards and a system of research based strategies that are the foundations of good pedagogy.

## TWELFTH DEFENSE

With respect to any allegations contained in the Plaintiffs' Second Amended Complaint not previously admitted, explained or denied, this Defendant now denies the same and demands strict proof.

**WHEREFORE, PREMISES CONSIDERED**, having answered the Plaintiffs' Second Amended Complaint in its entirety, this Defendant prays to be dismissed, costs being taxed accordingly.

Respectfully submitted

LEITNER, WILLIAMS, DOOLEY & NAPOLITAN, PLLC

By: _s/ D. Scott Bennett_____
       D. SCOTT BENNETT – TNBPR: 015988
       MARY C. DECAMP – TNBPR: 027182
       *Attorneys for Defendant Hamilton County Department of Education*
       Tallan Building, Suite 500
       200 West M.L. King Blvd.
       Chattanooga, TN 37402
       Telephone: (423) 265-0214
       scott.bennett@leitnerfirm.com
       mary.decamp@leitnerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2015, a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's electronic filing system.

s/ D. Scott Bennett
D. SCOTT BENNETT – TNBPR: 015988
MARY C. DECAMP – TNBPR: 027182