UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| L.H., *a Minor Student*, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-126-CLC-SKL |
| | ) | |
| HAMILTON COUNTY DEPARTMENT OF EDUCATION, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

# **REPORT AND RECOMMENDATION**

Before the Court is a joint motion seeking Court approval of a settlement for a minor who has Down Syndrome [Doc. 86] filed by plaintiff L.H. (the "Minor Plaintiff") and his parents D.H. and G.H. (collectively with Minor Plaintiff, "Plaintiffs") and one of the defendants, the Tennessee Department of Education ("Defendant"). The parties represent that they have reached a settlement and have compromised all matters in controversy between Plaintiffs and Defendant [Doc. 86 at Page ID # 1749]. The parties have filed a copy of their signed Settlement Agreement and Release as a supplement to their joint motion [Doc. 109]. The parties' joint motion has been referred to the undersigned to conduct a hearing and to submit a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 93].

A hearing was held on November 10, 2015, to determine whether the parties' proposed settlement of this matter is in the best interest of Minor Plaintiff. Present at the hearing were: (1)

Plaintiffs, (2) Attorney Justin Gilbert ("Attorney Gilbert") for Plaintiffs, and (3) Assistant Attorney General Michael Markham ("Attorney Markham") for Defendant.[1]

Testimony regarding the settlement and Plaintiffs' fee arrangement with Attorney Gilbert and his law firm was presented during the hearing. Based on the evidence presented at the hearing, and as explained below, I **FIND** the settlement, including the proposed allocation of the settlement fund, is fair, reasonable, and in the best interest of Minor Plaintiff.

The proposed settlement between Plaintiffs and Defendant is the result of arms' length negotiations occurring over a period of approximately three weeks and consisting of multiple rounds of back and forth exchanges. In the settlement agreement, Defendant does not admit liability as to any of the claims asserted against Defendant. By accepting payment, Plaintiffs agree to release and hold Defendant harmless for any portion of any subsequent determination, order, or judgment in this matter that may be deemed the responsibility of Defendant in the event Plaintiffs prevail on their remaining claims against the remaining defendant, Hamilton County Department of Education.

The total money payment from Defendant to fully and finally settle and compromise all disputed claims asserted against Defendant is $185,000.00 paid as follows:

   a. The sum of $65,000.00 paid into a special needs trust for the benefit of Minor Plaintiff for alleged emotional distress damage;

   b. The sum of $75,000.00 to reimburse Plaintiffs D.H. and G.H. for the expert and attorneys' fees paid to date, which includes $15,000.00 for the

---

[1] An attorney for defendant Hamilton County Department of Education was present, but did not participate in the hearing. Nothing in this Report and Recommendation addresses the underlying legal issues of the on-going case. The findings contained herein are limited to the determination of whether the settlement is in the best interest of Minor Plaintiff. *See Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997).

reimbursement of expert fees and $60,000.00 for the reimbursement of attorneys' fees paid as a retainer;

c. The sum of $45,000.00 to Attorney Gilbert's law firm, Gilbert, Russell, McWherter, Scott & Bobbitt, PLC, for attorneys' fees incurred to date.

At the hearing, Plaintiff D.H. testified that she and her husband established a special needs trust for Minor Plaintiff around his first birthday to take effect upon their deaths. They worked with attorney Martin L. Pierce ("Attorney Pierce") to establish the special needs trust so that Minor Plaintiff can enjoy the use of property that is held in the trust for his benefit, while at the same time receiving essential needs-based government benefits. Recently, Plaintiffs D.H. and G.H. worked with Attorney Pierce to update the special needs trust so that it could receive money from the settlement for Minor Plaintiff's specified needs, such as for education and medical expenses. Plaintiff D.H. is a primary trustee and Attorney Pierce is a secondary trustee of the special needs trust. Plaintiff D.H.'s testimony indicates she is a suitable primary trustee as she is a well-educated professional with knowledge of finance matters.

Plaintiff D.H. testified that the settlement funds of $65,000.00 allocated to Minor Plaintiff will be placed in the special needs trust and will be used primarily to fund Minor Plaintiff's post-secondary education expenses. Based on Plaintiff D.H.'s testimony, it is apparent that Minor Plaintiff's parents are focused on providing resources for Minor Plaintiff's needs, including for his attendance of a post-secondary education program for individuals with disabilities.

Attorney Gilbert and Plaintiff D.H. testified about the contract they entered into regarding legal representation and payment of legal fees and expenses for this matter. Plaintiffs paid a retainer of $75,000.00 for legal services and Attorney Gilbert has billed against that retainer at a rate of $375.00 per hour. In addition, the retainer was used to pay costs and expert fees.

Attorney Gilbert testified that his firm's representation in this matter depleted the retainer and currently exceeds 900 hours of legal services that, at the contract rate of $375.00 an hour, exceeds $337,500.00.

Attorney Markham, Attorney Gilbert, and Plaintiff D.H. provided testimony and/or argument during the hearing indicating they believe the attorneys' fees paid by Plaintiffs, charged by Attorney Gilbert and his firm, and/or allocated from the settlement are reasonable. Additionally, Plaintiff D.H. represented that she and her husband intend to use the $75,000.00 allocated as a retainer reimbursement in the settlement for Minor Plaintiff's education needs and expenses.[2] Attorney Gilbert and Plaintiffs also represented that, upon reaching a total settlement amount with Defendant, they met and discussed the case and jointly determined how to allocate the proposed settlement amount. They ultimately decided to allocate $45,000.00 to Attorney Gilbert's law firm to defray attorneys' fees and expenses already incurred but not covered by the retainer. In addition, they have agreed that any additional fees paid to Attorney Gilbert's law firm for work already performed and for future work on this matter will be limited to fees awarded and recovered, if any, from the remaining defendant.

I **FIND** the evidence presented during the hearing overwhelmingly supports that Minor Plaintiff's parents are acting in the best interest of Minor Plaintiff with respect to the settlement and the allocation of the settlement funds. I also **FIND** the allocation of fees to Attorney Gilbert and his firm from the settlement funds is reasonable and in the best interest of Minor Plaintiff.[3]

---

[2] Plaintiff D.H. stated they currently pay approximately $25,000.00 annually for Minor Plaintiff's education since he no longer attends a public school.

[3] The Court is neither determining the reasonableness of Attorney Gilbert's hourly rate nor the reasonableness of the amount of hours expended for purposes of any future award of attorneys' fees sought by Plaintiffs if they prevail in this matter against the remaining defendant.

*See Wright v. Wright*, 337 S.W.3d 166 (Tenn. 2011) (analyzing the proper method for computing reasonable attorneys' fees when the attorney represents a minor); *see also* Tenn. Code Ann. § 34-1-121. I also **FIND** the settlement is in the best interest of Minor Plaintiff and I **RECOMMEND** that the settlement between Plaintiffs and Defendant be **APPROVED** and that the parties' joint motion [Doc. 86] be **GRANTED**.[4]

                                                s/ *Susan K. Lee*
                                                SUSAN K. LEE
                                                UNITED STATES MAGISTRATE JUDGE

---

[4] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).