UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| L.H., *a Minor Student, et al.*, ) | |
| ) | |
| *Plaintiffs*, ) | Case No. 1:14-cv-126 |
| ) | |
| v. ) | Judge Curtis L. Collier |
| ) | |
| HAMILTON COUNTY DEPARTMENT ) | Magistrate Judge Susan K. Lee |
| OF EDUCATION, ) | |
| ) | |
| *Defendant*. ) | |

**O R D E R**

Before the Court is Plaintiffs' motion for attorneys' fees. (Doc. 214.) Judgment was entered in this case in favor of Plaintiffs on August 9, 2017. (Doc. 212.) On August 22, 2017, Defendant filed a notice of appeal. (Doc. 213.) That same day, Plaintiffs filed the instant motion for attorneys' fees. (Doc. 214.) On August 28, 2017, Plaintiffs filed a notice of cross-appeal (Doc. 217) with respect to certain issues raised in the Court's orders of November 4, 2016 (Doc. 172), June 2, 2017 (Doc. 202), and August 9, 2017 (Doc. 212). Also filed that day was Defendant's motion (Doc. 218) asking the Court to defer consideration of attorneys' fees until after the appeal had been resolved, to which Plaintiffs responded in opposition (Doc. 220). In response, Defendant moved the Court to strike its motion to defer, and instead, filed its response in opposition (Doc. 222) to Plaintiffs' motion for attorneys' fees (Doc. 214).

Although the filing of a notice of appeal generally "transfers jurisdiction from the district court to the court of appeals to all matters involved in the appeal," it does not divest the district court of jurisdiction to consider a post-judgment motion for attorneys' fees. *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989); *In re Poteat*, No. 3:14-CV-46, 2015 WL 10096183, at *1 (E.D.

Tenn. Aug. 6, 2015). However, where a notice of appeal has been filed and attorneys' fees are sought, the district court has discretion to do three things:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing . . . a new period for filing after the appeal has been resolved.

*Dice Corp. v. Bold Tech.*, No. 11-13578, 2013 WL 1499081, at *1 (E.D. Mich. Apr. 11, 2013) (quoting Fed. R. Civ. P. 54(d) advisory committee's note (1993)).

The Court selects the last of these options. First, if Defendant wins on appeal, Plaintiff will not be entitled to attorneys' fees. The Individuals with Disabilities Education Act ("IDEA"), Title II of the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act—the statutes under which Plaintiffs prevailed[1]—allow for an award of attorneys' fees to the "prevailing party." *See* 20 U.S.C. § 1415(i)(3)(B); 42 U.S.C. § 12133; 29 U.S.C. § 794a(b). Should Plaintiffs lose on appeal, they will not have "prevailed," and the Court would have wasted judicial resources resolving the motion. *Dice Corp.*, 2013 WL 1499081, at *1. Relatedly, additional attorneys' fees might be sought for those expenses incurred at the appellate level, and efficiency favors resolving all fee requests at once rather than piecemeal. Finally, precisely which claims Plaintiffs prevailed on is contested, and Plaintiffs are bringing their own cross-appeal with respect to certain relief in three of this Court's orders (Docs. 172, 202, and 212). Appellate resolution of these issues could shed light on who it was that "prevailed" in the action and on precisely which claims it did so.

Accordingly, the Court **DENIES** Plaintiffs' motion for attorneys' fees (Doc. 214) without prejudice. Plaintiffs may refile a motion for attorneys' fees within twenty-one (21) days of the

---

[1] It appears the parties do not dispute the statutes under which Plaintiffs prevailed. It is Defendant's contention, however, that Plaintiffs prevailed on only one of the claims brought pursuant to these statutes.

entry of the mandate of the Sixth Circuit Court of Appeals on this Court's docket. Defendant's motion to defer consideration of attorneys' fees (Doc. 218) and its motion to strike (Doc. 221) its motion to defer are **DENIED** as moot.

    **SO ORDERED.**

    **ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**